IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BRANDEN MCAFEE, | ) |
| | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23CV393 |
| | ) |
| | ) J. BARRETT |
| TRANSUNION LLC., | ) |
| Defendants. | ) |
| | ) M.J. LITKOVITZ |
| | ) |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Branden Mcafee, an individual consumer, against Defendant, Transunion LLC ("Transunion"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p), 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business here, and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Branden, is a natural person residing in Cincinnati, Hamilton County, Ohio. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4. Transunion is a Delaware limited Liability company located in Chicago, Illinois who conducts business in the State of Ohio.

7. Upon information and belief, Transunion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Transunion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## IV. FACTS OF THE COMPLAINT

8. American Express Bank ("American Express") issued an account ending in 3943 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C § 1681a(d)(1) of the FCRA.

10. On or about April 8, 2023, The plaintiff noticed that American Express was reporting false, inaccurate, incomplete and misleading information to Defendant Transunion.

11. Plaintiff observed the trade line from American Express, and disputed the tradeline for being inaccurate and incomplete.

12. On April 8th, 2023 and June 6th 2023, The plaintiff sent a dispute letter pursuant to 15 U.S.C § 1681i to Transunion, disputing the accuracy and completeness of the information on his credit report, specifically with regard to the American Express Account.

13. Plaintiff sent off the dispute letter dated April 8th 2023 via U.S.P.S certified mail.

14. Plaintiff was notified by USPS that the defendant received the letter dated April 8th, 2023 on April 21, 2023, 1:35 pm.

15. Plaintiff sent off the dispute letter dated June 6th, 2023 via U.S.P.S certified mail.

16. Plaintiff was notified by USPS that the defendant received the letter dated June 6th, 2023 on June 10, 2023, 12:21 pm.

17. On or about June 21st 2023 Plaintiff called and spoke with a Transunion employee by the name of Frank.

18. Plaintiff asked frank as of June 21st 2023 is the American Express account in dispute as of June 21st 2023 Frank told Plaintiff that the investigation has been completed and the American Express account is not currently in dispute or removed from the Plaintiff's consumer credit report.

19. Transunion did not notify American Express of the dispute by Plaintiff in accordance with the FCRA, or alternatively failed to properly investigate and delete the tradeline properly update the tradeline on Plaintiff's credit reports.

20. Upon information and belief, Transunion failed to have a procedure in place to assure maximum possible accuracy, Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Transunion did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the American Express account.

21. Defendant failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Transunion.

22. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and or/employees, was malicious, intentional, willful, reckless, negligent an in disregard for federal law and the rights of the Plaintiff herein.

23.     As a result of the actions and inactions of Defendant, Plaintiff suffered damages, including *but not limited to*, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

### V. FIRST CLAIM FOR RELIEF
### (Defendant Transunion)
### 15 U.S.C. § 1681e(b)

24.     Plaintiff re-alleges, and incorporates by reference, paragraphs one through 24 above.

25.     Defendant Transunion has violated 15 U.S.C. §1681e(b) in that they failed to maintain a procedure designed to assure maximum possible accuracy.

26.     Defendant Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

27.     Defendant Transunion has done so either negligently or willfully.

28.     Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681(o).

29.     Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681n.

### VI. SECOND CLAIM FOR RELIEF
### (Defendant Transunion)
### 15 U.S.C. §1681i(a)(2)

30. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 30 above.

31. Defendant Transunion has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

32. Defendant Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

33. Defendant Transunion has done so either negligently or willfully.

34. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

35. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### VII. THIRD CLAIM FOR RELIEF
### (Defendant Transunion)
### 15 U.S.C. §1681i(a)(4)

36. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 36 above.

37. Defendant Transunion has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

38. Defendant Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

39. Defendant Transunion has done so either negligently or willfully.

40. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681o.

41. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VIII. FOURTH CLAIM FOR RELIEF
### (Defendant Transunion)
### 15 U.S.C. §1681i(a)(5)

42. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 42 above.

43. Defendant Transunion has violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

44. Defendant Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

45. Defendant Transunion has done so either negligently or willfully.

46. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

47. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### IX. FIFTH CLAIM FOR RELIEF
### (Defendant Transunion)
### 15 U.S.C. §1681i(7)

48. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 48 above.

49. Defendant Transunion has violated 15 U.S.C. § 1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

50. Defendant Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

51. Defendant Transunion has done so either negligently or willfully.

52. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

53. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff Branden Mcafee respectfully requests that judgment be entered in favor of Plaintiff against Defendant Transunion LLC in an amount to be determined by the Jury.

Respectfully Submitted

Dated this 22 day of June 2023

**Branden McafeePro Se**
**300 E Business Way Suite 200**
**Cincinnati, OH 45240**
**Phone: (513) 655-8966**
**Email: Pressuretv513@gmail.com**
**JURY TRIAL DEMANDED**