UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDEN MCAFEE,　　　　　　　　　　　　Case No. 1:23-cv-393
　　Plaintiff,　　　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　vs.

TRANSUNION, LLC,　　　　　　　　　　　　ORDER
　　Defendant.

This matter is before the Court on pro se plaintiff Branden McAfee's motion to strike defendant Transunion, LLC's affirmative defenses (Doc. 28) and defendant's opposition thereto (Doc. 33).

## I. Background

In his amended complaint, plaintiff alleges that on or about April 8, 2023, he noticed American Express reported false, inaccurate, incomplete, and misleading information about him to defendant. (Doc. 25 at PAGEID 165, ¶ 15). Plaintiff alleges that he sent defendant dispute letters regarding the American Express item. (*Id.* at ¶ 16). Plaintiff alleges that an arbitrator agreed with his position that defendant put inaccurate and/or materially misleading information on his credit report, which caused plaintiff to be denied credit. (*Id.* at PAGEID 168, ¶ 30). Plaintiff alleges that defendant's conduct with respect to the foregoing violated the Fair Credit Reporting Act (FCRA) (15 U.S.C. §§ 1681e(b) and 1681i) and caused him actual damages. (*See id.* at PAGEID 169-73).

Defendant answered the amended complaint and asserted various affirmative defenses. Plaintiff seeks to strike the following defenses:

　　1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Trans Union's reports concerning Plaintiff were true or substantially true.

3. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

. . . .

6. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

8. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

(Doc. 26 at PAGEID 237-38).

II. **Standard of Review**

Rule 12(f) provides that on motion made by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). Striking a pleading is a drastic remedy, and "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Mapp v. Bd. of Ed. of the City of Chattanooga, Tenn.*, 319 F.2d 571, 576 (6th Cir. 1963) (recognizing strike orders as a "drastic remedy to be resorted to only when required for the purposes of justice" or "when the pleading to be stricken has no possible relation to the controversy"). Although motions to strike can "serve a useful purpose by eliminating insufficient defenses[,]" a district court should strike only defenses "so legally insufficient that it is beyond cavil that defendants could not prevail on them." *U.S. v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (quoting *United*

2

*States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989) and *United States v. Kramer*, 757 F. Supp. 397, 410 (D. N.J. 1991)).

### III. Analysis

As an initial matter, the parties disagree as to the pleading standard applicable to affirmative defenses. The Sixth Circuit Court of Appeals has never expressly held that the heightened pleading standard set forth in *Iqbal* and *Twombly*[1] for complaints also applies to affirmative defenses, though district courts within the Sixth Circuit are split on the issue. *Kirkbride v. Kroger Co.*, No. 2:21-cv-00022, 2023 WL 5723276, at *3 (S.D. Ohio Sept. 5, 2023) (citing *Depositors Ins. Co. v. Estate of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016)). Even Courts within the Southern District of Ohio are split on this issue. Recently in *GS Holistic, LLC v. Lebanon Smokes & Things, Inc.*, No. 1:23-cv-638, 2024 WL 278173, at *1 (S.D. Ohio Jan. 25, 2024), the Court held that the heightened pleading standard of *Twombly-Iqbal* does not apply to affirmative defenses. "Instead, '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Id.* (quoting *Pough v. Dewine*, No. 2:21-cv-880, 2022 WL 2437140, at *1 (S.D. Ohio Jul. 5, 2022) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (in turn quoting 5 Wright & Miller, Federal Practice and Procedure § 1274))). Many judges within the Southern District of Ohio have held in accord that the *Twombly-Iqbal* pleading standard does not apply to affirmative defenses. *See Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-cv-566, 2022 WL 2915586, at *6 (S.D. Ohio July 25, 2022); *CCS Constr. Co., LLC*, 2020 WL 6707300, at *2; *Ohio ex rel. Dewine v. Globe Motors, Inc.*, No. 3:18-cv-142, 2019 WL 3318354, at *2-3 (S.D. Ohio July 23, 2019); *Ruff v. Credit Adjustment, Inc.*, No. 2:18-cv-351,

---

[1] Under this standard, the complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

2019 WL 4019464, at *2 (S.D. Ohio Aug. 23, 2018); *Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv-127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014); *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-93, 2013 WL 3876176, at *2 (S.D. Ohio Jul. 26, 2013).

In contrast, other judges within this district have held that that affirmative defenses must comport with the *Twombly-Iqbal* pleading standard to survive dismissal. *See Kirkbride*, 2023 WL 5723276, at *3; *Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-cv-1055, 2020 WL 4933919, at *4 (S.D. Ohio Aug. 24, 2020) (citing *Doe v. Bd. of Educ. of Highland Local Sch. Dist.*, 2:16-cv-524, 2017 WL 3588727, at *2 (S.D. Ohio Aug. 21, 2017)).

The undersigned has previously declined to apply the *Twombly-Iqbal* pleading standard to affirmative defenses and continues to be persuaded that this interpretation is consistent with Rule 8(a)(2).[2] *See CCS Constr. Co.*, 2020 WL 6707300, at *3. A party wishing to assert an affirmative defense in response to a pleading need only "affirmatively state any avoidance or affirmative defense. . . ." *Id.* (quoting Fed. R. Civ. P. 8(c)(1)). Pleading an affirmative defense in general terms is sufficient "as long as it gives plaintiff fair notice of the nature of the defense" and satisfies both the law and the spirit of Rule 8. *Id.* (quoting *Lawrence*, 182 F. App'x at 456 (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274)). Therefore, as long as each of defendant's affirmative defenses give fair notice to plaintiff of the nature of the defenses, the Court will not strike them. The Court will take each contested affirmative defense in turn.

    A. <u>Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.</u>

---

[2] Because there is no such thing as "the law of the district," the undersigned is not bound to follow caselaw to the contrary. *GS Holistic*, 2024 WL 278173, at *1, n.1 (citing *Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366, 1371 (3rd Cir. 1991)).

Plaintiff argues that this cannot be true because defendant has not filed a motion to dismiss or motion for summary judgment.  Defendant responds that this affirmative defense complies with the Federal Rules of Civil Procedure.

As one Court in this district recently explained:

> A party may raise a failure-to-state-a claim defense in any pleading allowed, including an answer.  [*Shoukry*, 2014 WL 5469877, at *2] (citation omitted); *see* Fed. R. Civ. P. 12(h)(2)(A).  Defendants' failure-to-state-a-claim defense in an answer "should rarely, if ever, be stricken as legally insufficient." *Thomas v. Croft*, No. 2:10-cv-74, 2010 WL 3061596, at *3-4 (S.D. Ohio Aug. 2, 2010) (Smith, J.) (citation omitted).

*Jones v. Enter. Holdings, Inc.*, No. 2:23-cv-920, 2024 WL 2952372, at *2 (S.D. Ohio June 12, 2024).  Plaintiff's motion is overruled as to this affirmative defense.

### B. Trans Union's reports concerning Plaintiff were true or substantially true.

Plaintiff argues that defendant knows or should know this statement is false based on his affidavit and other documentation he has provided, and truth is not a defense to all of his claims.  Defendant argues that Sixth Circuit case law establishes that there can be no liability under the FCRA without inaccurate or misleading credit reporting.

Plaintiff has not persuaded the Court that, with further factual development, this defense would not allow defendant to prevail on at least certain of plaintiff's claims.  *See Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 942 (6th Cir. 2020) (the first element of a § 1681e(b) claim requires a plaintiff to show that a credit reporting agency reported either patently incorrect information or information so misleading that it would be expected to have an adverse effect on the consumer).  Defendant has given fair notice of this defense.  Plaintiff's motion is overruled as to this affirmative defense.

### C. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5

Plaintiff argues that defendant has not yet produced evidence supporting this affirmative defense. Defendant argues that it has produced such evidence, and regardless, plaintiff's opinion regarding its procedures is irrelevant to the plausibility of the defense.

Defendant has given fair notice of this affirmative defense. Plaintiff's motion is overruled as to this affirmative defense.

> D. <u>Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.</u>

Plaintiff argues that defendant offers no evidence to support this affirmative defense. Defendant argues that it is not required to cite law in its statement of affirmative defenses and cannot be expected to know, at the time an answer is filed, when the statute of limitations ran for purposes of plaintiff's claims.

The Court does not evaluate evidence at this stage of the proceedings. Defendant has given fair notice of this affirmative defense. Plaintiff's motion is overruled as to this affirmative defense.

> E. <u>Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.</u>

Plaintiff argues that this defense is frivolous, vague, and conclusory. Defendant argues that this defense is proper under the Federal Rules of Civil Procedure and this Court's precedent. The Court agrees with defendant. *See Shoukry*, 2014 WL 5469877, at *4 ("Though these defenses lack factual detail, the Court finds that they provide Plaintiffs with fair notice of the nature of Defendants' defenses.") (citing *Sony/ATV Music Pub., LLC v. D.J. Miller Music Distributors, Inc.*, No. 3:09-cv-01098, 2011 WL 4729807, at *5 (M.D. Tenn. Oct. 7, 2011) (holding that affirmative defenses stating that claims were "barred by the doctrines of . . .

6

estoppel, and/or waiver . . . [and] unclean hands" should not be stricken)). Plaintiff's motion is overruled as to this affirmative defense.

      F. <u>Plaintiff has failed to take reasonable steps to mitigate his damages, if any.</u>

Plaintiff argues that he took various actions to mitigate his damages prior to initiating this lawsuit. Defendant argues that it is nevertheless entitled to assert this affirmative defense. Defendant has given fair notice of this affirmative defense. Plaintiff's motion is overruled as to this affirmative defense.

      G. <u>Plaintiff's damages are the result of acts or omissions committed by Plaintiff.</u>

Plaintiff argues that this affirmative defense is vague, conclusory, and without factual basis. Defendant argues that it is entitled to test the sufficiency of plaintiff's causation allegations, which are necessary to sustain his claim for actual damages. *See Ferrarelli v. Federated Fin. Corp. of Am.*, No. 07-cv-685, 2009 WL 116972, at *7 (S.D. Ohio Jan. 16, 2009) ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages,' . . . which is one of the remedies under the FCRA.") (quoting *Crabill v. TransUnion*, 259 F.3d 662, 664 (7th Cir. 2001)).

Defendant has given fair notice of this affirmative defense. Plaintiff's motion is overruled as to this affirmative defense.

      H. <u>Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.</u>

Plaintiff seems to argue that this affirmative must fail because defendant has "full control" as to plaintiff's credit report. (Doc. 28 at PAGEID 248). Defendant argues that this defense presents the possibility that non-parties (e.g., creditors) might have caused plaintiff's

7

damages. For the reasons explained with respect to the affirmative defense above, defendant has given fair notice of this affirmative defense. Plaintiff's motion is overruled as to this affirmative defense.

### IV. Conclusion

For the foregoing reasons, plaintiff's motion to strike (Doc. 28) is **DENIED**.

**IT IS SO ORDERED.**

Date: 9/10/2024

Karen L. Litkovitz
Chief United States Magistrate Judge