UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDEN MCAFEE,                          Case No. 1:23-cv-393
     Plaintiff,                                       Barrett, J.
                                                         Litkovitz, M.J.
    vs.

TRANS UNION, LLC,                      ORDER
     Defendant.

This matter is before the Court on pro se plaintiff Branden McAfee's motion to compel (Doc. 42), defendant Trans Union LLC's response in opposition (Doc. 47), and plaintiff's reply (Doc. 49). Defendant also moved for leave to file a surreply (Doc. 50), to which plaintiff responded (Doc. 51).

**I. Background**

Plaintiff filed his complaint on June 22, 2023 (Doc. 1) and a first amended complaint on May 20, 2024 (Doc. 25). Plaintiff's lawsuit concerns an allegedly false, inaccurate, incomplete, and misleading item from American Express reflected on a credit report issued by defendant, and it raises claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* (Doc. 25 at PAGEID 165, ¶ 15). Plaintiff seeks to compel defendant to produce for deposition the dispute agents that handled each of the three disputes he submitted regarding the American Express item. The dispute agents, Vaibhav Mulik, Sonali[1] Shirke, and Priyanka Pasi (the Dispute Agents), are employees of Intelenet. (*See* Wagner Dep., Doc. 48-1 at PAGEID 493, 76:3-6).[2] Intelenet is a third-party agency located in Mumbai, India that is under contract with defendant to handle

---

[1] Plaintiff at times spells this first name "Sonalie." (*See, e.g.*, Doc. 42 at PAGEID 384).
[2] Defendant designated Donald Wagner as its representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure.

defendant's correspondence, telephone calls, and disputes. (*See id.* at PAGEID 485, 493-94; 45:7-10, 75:17-21, 76:22-24, 77:24-78:1).

II. **Arguments**

Plaintiff argues he told defendant's counsel he needed to depose the Dispute Agents several days after deposing defendant's Rule 30(b)(6) witness, Mr. Wagner. Plaintiff argues that defendant's counsel refused and noted he had provided plaintiff with Intelenet's counsel's contact information but that he did not have the ability or authority to compel the Dispute Agents to appear for a deposition. Plaintiff argues only the Dispute Agents can answer specific, relevant questions about how his three disputes were handled.

In its opposition, defendant argues it does not have the power to compel non-employees/non-parties residing outside the United States to appear for a deposition because they are beyond the Court's subpoena power, and such depositions must be secured via the procedures outlined in the Hague Convention. Defendant confirms it provided plaintiff with the name and contact information for Intelenet's counsel on August 26, 2023. Defendant also argues plaintiff failed to serve it with a notice of deposition or subpoena, which is required under Rules 30(b)(1) and 45. Finally, defendant argues it has already produced all documents relevant to plaintiff's disputes and its Rule 30(b)(6) representative. Finally, defendant seeks its attorney's fees pursuant to Rule 37 in connection with having to defend against the motion to compel.[3]

In his reply, plaintiff argues defendant's business structure (i.e., the use of third-party

---

[3] Under this Rule:

> If the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

2

dispute agents) represents "a calculated effort to obscure the true extent of its compliance" with the FCRA. (Doc. 49 at PAGEID 502). Plaintiff argues defendant falsely represented that plaintiff did not serve defendant with a notice of deposition regarding the Dispute Agents; instead, plaintiff represents he sent defendant's counsel such a notice, to which defendant's counsel responded that defendant could not produce the Dispute Agents. Plaintiff also challenges the credibility of Mr. Wagner's testimony as a Rule 30(b)(6) witness, given that Mr. Wagner testified he has not interacted with the Dispute Agents or their supervisors. Plaintiff argues the cases cited by defendant in its opposition brief are nonbinding and distinguishable because defendant and Intelenet are "essentially the same entity." (Doc. 49 at PAGEID 508). Plaintiff argues the Dispute Agents qualify as defendant's "managing agents" under Rule 30(b)(6). Finally, plaintiff emphasizes that it is unfair to allow defendant to rely on evidence from Intelenet, which defendant can easily obtain based on their contractual relationship, while that same third-party structure makes it difficult for plaintiff to obtain information from Intelenet.

     Defendant moved for leave to file a surreply, arguing that plaintiff's reply raised a new argument that defendant and Intelenet are the same legal entity, and new alleged facts purporting to show that the Dispute Agents qualify as defendant's "managing agents" under Rule 30(b)(6). Plaintiff opposed that motion, arguing his "central argument has always focused on the close relationship between [defendant] and [Intelenet], as well as the critical role of [defendant] and [Intelenet]'s agents in the handling" of his disputes. (Doc. 51 at PAGEID 552). Plaintiff argues that these issues were therefore raised in his opening brief, and any argument otherwise represents a "misunderstanding or misinterpretation" of his arguments. (*Id.* at PAGEID 553). Plaintiff argues defendant has not produced evidence showing defendant and Intelenet are *not* the same entity and asks the Court compel defendant to produce its contracts with Intelenet. Finally,

3

plaintiff asks that if the Court denies his motion to compel, the Court alternatively order that defendant be precluded from "raising any defenses or submitting any evidence to support its claim that its actions and inactions were not negligent or willful" under the FCRA. (*Id.* at PAGEID 554).

Local Rule 7.2(a)(2) states that "[n]o additional memoranda beyond [the motion, memorandum in opposition, and reply memorandum] are permitted except upon leave of court for good cause shown." *Id.* The Local Rule does not define "good cause" for filing any additional memoranda. *Id.*; *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07-cv-1190, 2010 WL 4117552, at *4 (S.D. Ohio Oct. 19, 2010). Generally, good cause exists where the reply brief raises new grounds that were not included in the movant's initial motion. *Id.* A different result is warranted when the opposing party knew or should have known at the time it filed its responsive memorandum that a matter had been placed in issue, but the party did not make its arguments and submit its proof at that time. *Id.* Allowing a party to submit a surreply under these circumstances would give the party "the proverbial 'second bite at the apple.'" *Id.*

Defendant's motion for leave to file a surreply (Doc. 50) is **GRANTED**. While the arguments plaintiff raised in his reply brief may fit within the overall theme of his opening motion, he did not expressly raise them. As such, there is good cause for the Court to consider defendant's surreply.

### III. Legal Standard

Rule 30 of the Federal Rules of Civil Procedure governs depositions of a party by oral examination. The party seeking to depose "must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). If the deponent is an entity, the entity named in the notice "must designate one or more officers, directors, or managing agents, or designate other persons who

4

consent to testify on its behalf. . . ." Fed. R. Civ. P. 30 (b)(6).

Though not explicitly stated in the Rule, a consensus of authority has found "a subpoena is *not* necessary if the person to be examined is a party or an officer, director, or managing agent *of a party*." Charles Alan Wright & Arthur R. Miller, 8A Federal Practice and Procedure § 2107 (3d ed.) (emphasis added). *See Monks v. Marlinga,* 923 F.2d 423, 426 (6th Cir. 1991) (Nelson, J., concurring) ("The plaintiffs would not even have had to serve Mr. Marlinga with a subpoena; because he was a party, they merely had to give reasonable written notice, pursuant to Rule 30(b). . . ."). Otherwise, Rule 30 provides that a deponent's attendance may be compelled under Rule 45. Fed. R. Civ. P. 30(a)(1). "If a witness 'is not an officer, director, or managing agent of a corporate opponent, [s]uch a witness must be subpoenaed pursuant to Rule 45 . . . or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized.'" *Martin Cnty. Coal Corp. v. Universal Underwriters Ins. Servs., Inc.*, No. CIV.A. 08-93, 2010 WL 4629761, at *2 (E.D. Ky. Nov. 8, 2010) (quoting *E.E.O.C. v. Honda of America Mfg., Inc.*, No. 2:06-cv-233, 2007 WL 682088, at *2 (S.D. Ohio Feb. 28, 2007)) (internal quotation marks omitted).

## IV. Analysis

The parties did not present authority from this circuit on the precise question of whether a court may compel an entity to produce its non-employee agents to appear for a deposition under the circumstances presented, and the Court did not locate any. But a number of cases outside of this circuit have considered this issue in the FCRA context. In *Miller v. Equifax Info. Servs., LLC*, 508 F. Supp. 3d 1166 (N.D. Fla. 2020), an FCRA action, the plaintiff sought to compel the defendant credit reporting agency (CRA) to produce two automated credit dispute verification operators who, like here, were employees of Intelenet residing in India. *Id.* at PAGEID 1167-68.

5

The court declined to compel the CRA to produce the Intelenet employees because Intelenet was "not a corporate affiliate or subsidiary" of the CRA. *Id.* at PAGEID 1168. The court was not persuaded by the plaintiff's argument that the defendant had "a certain degree of 'control'" over the Intelenet employees and held the contractual relationship between the CRA and Intelenet did not require it to compel the Intelenet employees to appear at a deposition on Intelenet's behalf. *Id.* at 1168-69.

In *Livesay v. Nat'l Credit Sys., Inc.*, No. 4:22-cv-19, 2022 WL 17432341 (N.D. Ind. Dec. 5, 2022), another FCRA case, the defendant contracted with a different Indian company (Provana) to conduct credit dispute investigations. *Id.* at *2. The plaintiff sought to compel the defendant to produce two of Provana's employees for deposition. *Id.* at *1. The plaintiff argued the Provana employees were the defendant's "managing agents" subject to the defendant's control and, therefore, could be deposed via notice under Rule 30(b)(1). *Id.* at *2. The court upheld the magistrate judge's decision in favor of the defendant because the plaintiff had not made the threshold showing that the dispute agents were employees of the defendant, which would have allowed the plaintiff to depose them via notice under Rule 30(b)(1); as such, the degree of control the defendant exercised over them was irrelevant. *Id.* at *2-4.

In *Herron v. Progressive Car Fin., LLC*, No. CIV-22-638, 2023 WL 11762874 (W.D. Okla. Oct. 13, 2023), another FCRA case, the defendant (also Trans Union, LLC) used Teleperformance (f.k.a. Intelenet Global Services Private Ltd.) as a "service vendor" to "process credit disputes. . . ." *Id.* at *1. Plaintiff sought to compel the defendant to produce four Teleperformance employees for deposition. *Id.* Like in *Livesay*, the plaintiff argued the Teleperformance employees were the defendant's "managing agents" and could be deposed via notice under Rule 30(b)(1). *Id.* The court relied on *Miller* and denied the motion, finding the

6

plaintiff had failed to clear the initial hurdle of showing the parties to be deposed were employed by the defendant. *Id.* at *2-3.

Finally, in *Lott v. BSI Fin. Serv., Inc.*, No. 5:23-cv-00269, 2024 WL 1655589 (C.D. Cal. Mar. 5, 2024), another FCRA case, the plaintiff sought to compel the defendant to produce two automated consumer dispute verification agents, who were employees of a non-party Indian company called Entra Solutions Pvt., Ltd. *Id.* at *1-2. Like in *Livesay* and *Herron*, the plaintiff sought to characterize these employees as "managing agents" of the defendant. *Id.* at *1. The court held for the defendant, reasoning it was not necessary to reach whether the employees were the defendant's managing agents because the plaintiff had not first shown they were employed by the defendant. *Id.* at *3 ("The initial question that the Court must answer is not whether Deponents, as ACDV operators, are considered 'managing agents' of BSI; rather, the question is whether BSI may be compelled to produce two employees of its foreign corporate affiliate or contracted vendor that is a non-party to this matter.").

In his reply, plaintiff highlights an FCRA case that he believes points to a different conclusion: *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508 (D. Idaho 2013). Therein, the plaintiff sought to compel the defendant to produce for deposition the individual agents that handled his credit dispute. *Id.* at 510. The individual agents were employed by the defendant's sister company and located in Chile. *Id.* The magistrate judge had concluded the defendant had to produce these agents via notice and without subpoena regardless of their location. *Id.* The district court upheld that decision, finding it was not clearly erroneous; the district court found the decision was based on arguments and *evidence* showing the defendant and the Chilean company were sister corporations, including:

> both the EIS dispute center located in Allen, Texas and the ESC dispute center located in Santiago, Chile are referred to as "National Consumer Assistance

7

> Center[s]." (Dkt. 62-1, p. 3) (citing deposition testimony from EIS's corporate designee). The two dispute centers have the same organizational structure, and a single EIS employee oversees the operations in Chile. (*Id.*) EIS employees are responsible for training all dispute agents, regardless of whether they are located in Texas or Chile, and an identical training manual, created by EIS, is used to train employees in both locations. (*Id.*) The policies and procedures employed in both dispute centers are identical, and were created by EIS. (*Id.*) The two dispute centers also share the same computer systems, and information flows interchangeably between the two systems. (*Id.*) Further, the accounting operations of EIS and ESC are shared jointly and are handled by another affiliated Experian entity.

*Id.* at 513-14.

Plaintiff here makes no such detailed arguments (let alone evidentiary showings). Plaintiff points to excerpts of Mr. Wagner's testimony that, at most, demonstrate the Dispute Agents had "TransUnion" IDs, defendant referred to the Dispute Agents as "agents," and the Dispute Agents were trained to use defendant's policies and procedures. None of this is sufficient to demonstrate defendant and Intelenet are effectively the same entity. The courts in *Miller*, 508 F. Supp. 3d at 1169 n.4; *Livesay*, 2022 WL 17432341, at *3; and *Herron*, 2023 WL 11762874, at *2 n.3 likewise distinguished *Calderon* based on insufficient evidence of corporate identity between the defendants and the dispute agents' employers.

In addition, some courts have expressed doubt regarding the *Calderon* court's application of a "control test" to determine whether one entity controls another for purposes of whether one company must produce another's employees for deposition. These courts have found that using a "control test" in this context superimposes a provision from Rule 34(a)(1)[4] onto Rule 30 that does not exist—namely, a discovering party may compel a responding party to produce *non-testimonial* evidence (e.g., documents) in the responding party's "possession, custody, or control. . . ." Fed. R. Civ. P. 34(a)(1). *See In re: Benicar (Olmesartan) Prods. Liab. Litig.*, No. 15-2606, 2016 WL 5817262, at *4 (D. N.J. Oct. 4, 2016) ("*Calderon* . . . relied on the erroneous 'control'

---

[4] Rules 34 governs "Producing Documents, Electronically Stored Information, and Tangible Things. . . ."

8

test to determine if the defendant had to produce for deposition foreign employees of its non-party affiliated company."); *Livesay*, 2022 WL 17432341 at *3-4 (citing *In re: Benicar*). *See also In re: Auto. Parts Antitrust Litig.*, No. 12-cv-00200, 2016 WL 8115414, at *2 (E.D. Mich. May 2, 2016) (citing *In re Ski Train Fire of November 11, 2000 Kaprun Austria, MDL 1428*, 2006 WL 1328259, at *9 (S.D. N.Y. May 16, 2006) ("Unlike the language of Rule 34, Rule 30 of the Federal Rules of Civil Procedure does not require a party to litigation to produce persons for deposition who are merely alleged to be in the party's control. . . . There is simply no authority for the proposition that a corporate party must produce for deposition fact witnesses who are not employed by, and do not speak for, that party.")).

Given the foregoing, plaintiff's motion (Doc. 42) is **DENIED**. There is no evidence in the record to demonstrate anything other than a contractual relationship between defendant and Intelenet or that their contractual relationship obligates Intelenet employees to testify on defendant's behalf. Even if the Court were to conclude Rule 30 authorized plaintiff to compel defendant to produce non-employees/nonparties upon a showing of control by defendant over Intelenet, plaintiff has not made such a showing.[5]

Plaintiff's other requests made in conjunction with this motion are also **DENIED**. To the extent plaintiff requests the Court compel defendant to produce its contracts with Intelenet (*see* Doc. 51 at PAGEID 553), there is no indication plaintiff has previously made such a discovery request of defendant, let alone conferred with defendant before seeking relief from the Court as required under the local rules of this Court and the undersigned's Standing Order. *See* Fed. R.

---

[5] In the Rule 34 context, "[t]he requesting party bears the burden of establishing the relationship between the producing party and the party having possession of the documents that demonstrates the ability to control production of the documents." *Bardin v. Nissan Motor Co., Ltd.*, No. 1:21-cv-00144, 2022 WL 2916687, at *1 (W.D. Ky. July 25, 2022). *See also In re Porsche Cars N. Am., Inc.*, No. 2:11-md-2233, 2012 WL 4361430, at *4 (S.D. Ohio Sept. 25, 2012) (same). The Court has no reason to believe the burden would shift if applied to the Rule 30 context.

9

Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. In addition, plaintiff offers no authority for his request for relief alternative to compelling defendant to produce the Dispute Agents for deposition—i.e., that defendant be required to stipulate that its conduct was willful or negligent. (*See id.* at PAGEID 554). Regardless, this request, which was made in an opposition brief to a motion for leave to file a surreply, is waived. *See also Sims v. Piper*, No. 07-14380, 2008 WL 3318746, at *5 (E.D. Mich. Aug. 8, 2008) ("a district court properly declines to consider an issue raised for the first time in a reply brief") (summarizing *Lexicon, Inc. v. Safeco Ins. Co. of Am., Inc.*, 436 F.3d 662, 676 (6th Cir. 2006)).

To the extent defendant seeks sanctions under Rule 37(a)(5)(B), that request is also **DENIED**. Both parties' positions were substantially justified. *See Miller*, 508 F.3d at 1170; *Herron*, 2023 WL 11762874, at *3.[6]

### IT IS THEREFORE ORDERED THAT:

1. Defendant's motion for leave to file a surreply (Doc. 50) is **GRANTED**.

2. Plaintiff's motion to compel defendant to produce witnesses for deposition (Doc. 42) is **DENIED**.

3. Plaintiff's requests to compel defendant to produce its contracts with Intelenet and for alternative relief (*see* Doc. 51) are **DENIED**.

4. Defendant's request for attorney's fees under Rule 37(a)(5)(B) is **DENIED**.

---

[6] In his reply brief, plaintiff alleges Rule 11 sanctions are warranted against defendant based on vague charges that defendant submitted "misleading and inaccurate information" to the Court. The Court declines to address this argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (citing *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293 (1st Cir. 1995) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")).

5. The discovery deadline is extended to **February 3, 2025**; the dispositive motion deadline is extended to **March 6, 2025**.

Date: 12/31/2024

Karen L. Litkovitz
United States Magistrate Judge