**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Branden McAfee,

     Plaintiff,

          v.                                    Case Number: 1:23cv393

                                                Judge Michael R. Barrett

Transunion, LLC.,

     Defendant,

## OPINION & ORDER

This matter is before the Court upon Defendant Trans Union LLC's Amended Motion for Summary Judgment.  (Doc. 68).  Plaintiff Branden McAfee filed a Response in Opposition (Doc. 72) and Objections to Evidence Submitted by Defendant (Doc. 71). Defendant filed a Reply (Doc. 73).  The Court also permitted Plaintiff to file two Sur-Replies.  (Docs. 80, 85).

### I.    BACKGROUND

*Pro se* Plaintiff Branden McAfee has brought claims against Defendant Trans Union, LLC, a credit reporting agency, for violations of the Fair Credit Reporting Act ("FCRA").  Plaintiff claims Defendant violated: (1) 15 U.S.C. § 1681e(b), which mandates that agencies preparing consumer reports "follow reasonable procedures to assure maximum possible accuracy of the information;" and (2) 15 U.S.C. § 1681i, which requires reinvestigation of disputed information once a consumer notifies the credit reporting agency of such a dispute.  Plaintiff claims that he disputed inaccurate credit information with Defendant, Defendant failed to conduct a reasonable investigation into the disputed information and Defendant then failed to correct or delete the inaccurate information.

It is undisputed that Plaintiff entered into a credit card agreement with American Express with an account ending in 3943 (the "Account"). (Doc. 72, PAGEID 1154). Plaintiff disputed the accuracy of the Account with Defendant on three occasions.  All three disputes center on Plaintiff's position that he did not owe the balance of approximately $5,300 and therefore the past due payment history was incorrect.

The first dispute is dated April 8, 2023 and explains that the Account is in "dispute;" "now resolved by data furnisher;" "has never been late and never had a past due amount of $877;" and "the account is in billing error status and has been in a billing error status for months and has never stopped being disputed."  (Doc. 68-2, PAGIED 933).  Plaintiff also included: (1) four pages of a "MyFico" score report; (2) two copies of a December 8, 2022 letter Plaintiff sent to American Express requesting that American Express investigate a disputed balance of $5,013.09; and (3) two pages of a Experian report summary.  (Doc. 68-2, PAGEID 933-944).

Defendant reviewed Plaintiff's dispute letter, initiated a reinvestigation, informing American Express that Plaintiff claimed the Account was inaccurate and asking American Express to reinvestigate the balance and payment history.  (Doc. 68-2, Donald Wagner Decl. at ¶ 54, PAGEID 926).  American Express responded that the Account was reported accurately with a balance and as past due and added a remark that the Account was in dispute.  (Doc. 68-2, Wagner Decl. at ¶ 56, PAGEID 927).  In a letter dated April 20, 2023, Defendant informed Plaintiff of the results of its reinvestigation.  (Doc. 68-2, PAGEID 952).

Plaintiff's second dispute is dated May 19, 2023, and states "American Express is

2

reporting inaccurate and misleading information stating [t]hat the account has been past due/delinquent for 60/90 days, not more than 4 payments past due, and reporting a balance of $5,480 is owed which is also inaccurate and misleading and causing harm to me."  (Doc. 68-2, PAGEID 966-967).  Plaintiff requests "proof/documentary evidence . . . showing that I am [i]ndebted to American Express."  (Doc. 68-2, PAGEID 967).  The second dispute also includes the following attachments: (1) an unidentified reporting of the Account by Defendant, Experian and Equifax; (2) a copy of a May 1, 2023 letter Plaintiff sent to American Express requesting "Proof/Documentary evidence" showing he is late on the Account; and (3) a letter dated May 9, 2023 from American Express to Plaintiff explaining that American Express has noted the Account as "in dispute."  (Doc. 68-2, PAGEID 969-973).

Defendant again reviewed Plaintiff's dispute letter, initiated a reinvestigation and informed American Express that Plaintiff claimed the Account was inaccurate and asked that the balance and payment history be reinvestigated.   (Doc. 68-2, Wagner Decl. at ¶ 61, PAGEID 927).   American Express responded to Defendant verifying that the Account was reporting accurately with a balance and as past due. (Doc. 68-2, Wagner Decl. at ¶ 63, PAGEID 928).   In a letter dated June 21, 2023, Defendant sent the results of its reinvestigation to Plaintiff.   (Doc. 68-2, PAGEID 979).

Plaintiff's third dispute[1] is dated June 6, 2023 and states that "[t]he following accounts and information you are publishing about me are inaccurate and misleading"

---

[1]However, this dispute states "This Is My Second Dispute."   (Doc. 68-2, PAGEID 997).

and includes a "screenshot" from an unidentified entity showing Defendant, Experian and Equifax's reporting of the Account.   (Doc. 68-2, PAGEID 997-998).   Plaintiff also explains that he has never been "30, 60, or 90 days late" on the Account and he has "never had a past due amount of $5,480" on the Account.   (Doc. 68-2, PAGEID 999). Plaintiff explains that he sent American Express a direct dispute on May 1, 2023 and requested documents to support "the False, Inaccurate, Misleading, and Unauthorized Information/Data that they are reporting to the consumer reporting agencies."   (Doc. 68-2, PAGEID 999).   Plaintiff explains that the information American Express is reporting is inaccurate and misleading because "I have not been more than four payments past due, 90 days past due, and account delinquent 90 days past due date;" and "all of which is Inaccurate and misleading information that should be deleted from my credit file Immediately because I have never been late on this American Express account."   (Doc. 68-2, PAGEID 999).   In addition, Plaintiff attached a letter dated May 1, 2023 which Plaintiff sent to American Express requesting that American Express:

> 1. Please provide Proof/Documentary evidence such as accounting records/ledgers and journals showing that I am late on the American Express account # and that I have a past due amount of $877 or $993.
>
> 2. Account-level documentation bearing my wet signature i.e. contracts/ promissory notes.
>
> 3. Please provide Proof of indebtedness showing that I owe the balance of $5,398 on [the Account]

(Doc. 68-2, PAGEID 1003).   Plaintiff also attached a letter dated April 8, 2023 from Plaintiff to Experian, another credit reporting agency, disputing the information being reported by Experian about the Account (Doc. 68-2, 1005); and another copy of the letter

4

dated May 9, 2023 from American Express to Plaintiff explaining that American Express has noted the Account as "in dispute" (Doc. 68-2, PAGEID 1017).

In response to the third dispute, Defendant reviewed Plaintiff's dispute letter, initiated a reinvestigation and informed American Express that Plaintiff claimed the Account was inaccurate and asked that the balance and payment history be reinvestigated.  (Doc. 68-2, Wagner Decl. at ¶ 68, PAGEID 929).  American Express responded to Defendant verifying that the Account was reporting accurately with a balance and as past due. (Doc. 68-2, Wagner Decl. at ¶ 69, PAGEID 929).  In a letter dated June 15, 2023, Defendant sent the results of its reinvestigation to Plaintiff.  (Doc. 68-2, PAGEID 1023).

Defendant did not receive any further dispute letters from Plaintiff (See Doc. 72, PAGEID 1166); but on August 9, 2023, Defendant informed Plaintiff that "[t]he disputed item(s) was removed from your credit report."  (Doc. 68-2, PAGEID 1033, 1037).

Plaintiff claims Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure the accuracy of the information in Plaintiff's credit report; and violated 15 U.S.C. § 1681i by failing to reasonably reinvestigate Plaintiff's credit information after Plaintiff disputed the alleged inaccuracies.  Plaintiff alleges he was denied credit and suffered emotional distress damages; and he also seeks punitive damages.

Defendant maintains that without evidence of inaccuracy, Plaintiff cannot establish that it violated either Section 1681e(b) or 1681i of the FCRA.  Defendant moves for summary judgment on both these claims.

5

## II.   ANALYSIS

### A.   Standard of review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).   In deciding whether this burden has been met by the movant, this Court views the evidence in the light most favorable to the nonmoving party.   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).   However, the trial court is not required to scour the record to establish that "it is bereft of a genuine issue of material fact."   *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).   Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not enough to defeat a well-supported motion for summary judgment."   *Gooden v. City of Memphis Police Dep't,* 67 F. App'x 893, 895 (6th Cir. 2003) (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Finally, the Court notes that *pro se* litigants are given more latitude than parties proceeding counseled by lawyers. *Hutchison v. Biden*, No. 2:24-CV-3705, 2026 WL

6

265628, at *2 (S.D. Ohio Feb. 2, 2026) (citing *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).  However, "[t]he liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

### B. Fair Credit Reporting Act

Under the FCRA, § 1681e(b) requires consumer reporting agencies preparing consumer reports to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates;" and § 1681i requires that, if a consumer disputes the completeness or accuracy of an item in their report, the agency "shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file."

It is undisputed that Defendant is a "consumer reporting agency" ("CRA") as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).  (See Doc. 72, PAGEID 1154).

To bring a claim under § 1681e(b), the plaintiff must establish that "(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Arnold v. SafeRent Sols., LLC*, No. 22-11481, 2025 WL 1947781, at *2 (E.D. Mich. July 15, 2025) (quoting *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004)).  The Sixth Circuit has

explained that § 1681e(b) and § 1681i claims are analyzed under a similar framework and can be addressed simultaneously. *Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024) (citing *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 319 (6th Cir. 2001); *Losch v. Nationstar Mortg., LLC*, 995 F.3d 937, 944 (11th Cir. 2021) (explaining that the elements of a § 1681i claim are the same as a § 1681e(b) claim, except that the plaintiff "needn't show that the agency prepared and distributed a report")).

A showing of inaccuracy is an essential element of both claims. *Id*. The Sixth Circuit has explained that the plaintiff must show that the CRA reported either "patently incorrect" information about them or information that was "misleading in such a way and to such an extent that it [could have been] expected to have an adverse effect [on the consumer]." *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 942 (6th Cir. 2020) (quoting *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)) (alteration omitted). This "encompass[es] not only 'false information,' but also 'correct information' that nevertheless 'create[s] a materially misleading impression.'" *Id*. at 943 (quoting *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th Cir. 2012)).

Plaintiff maintains that Defendant has failed to support its "accuracy defense" and has not produced evidence that the Account was accurately reported. However, as explained above, the showing of inaccuracy is an essential element of Plaintiff's claims, not an affirmative defense. Requiring Defendant to prove inaccuracy would shift the burden of proof on an essential element of the claims. *See Nelski v. Trans Union, LLC*, 86 F. App'x 840, 846 (6th Cir. 2004). It is "ultimately incumbent" upon Plaintiff to prove Defendant reported inaccurate information about Plaintiff. *See id.* Defendant "does not

8

have to prove it did not." *Id*.

Next, Plaintiff argues that Defendant never informed him that his dispute was deemed frivolous, irrelevant or insufficient as required by 15 U.S.C § 1681i(a)(3). Under § 1681i(a)(3), a CRA can:

> "terminate a reinvestigation of information disputed by a consumer ... if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A). If a CRA terminates a frivolous or irrelevant dispute, though, it must notify the consumer within five business days after making the determination. 15 U.S.C. § 1681i(a)(3)(B).

*Bailey v. Equifax Info. Servs., LLC*, No. 13-10377, 2013 WL 3305710, at *6 (E.D. Mich. July 1, 2013). However, it is undisputed that Defendant contacted American Express about the disputed information, so the frivolous or irrelevant section does not apply here. *See id.*

Finally, Plaintiff argues that had Defendant conducted its own independent reinvestigation, "instead of merely parroting information from American Express—it would have discovered that the information being reported was inaccurate, misleading, and unverifiable." (Doc. 72, PAGEID 1158). Plaintiff points out that Defendant did not subpoena American Express and never requested additional information from him in response to any of his dispute letters. Plaintiff explains that Defendant should have known that American Express was an unreliable source of information because it did not provide any credible or verifiable evidence that the information being reported was accurate.

However, these points only address the procedures Defendant used to verify

9

whether the Account was being reported accurately.   The "threshold question under both Sections 1681e(b) and 1681i is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary."  *Ford v. TransUnion, LLC*, No. 25-CV-13433, 2025 WL 3215727, at *2 (E.D. Mich. Nov. 18, 2025) (quoting *Thompson v. Equifax Info. Servs. LLC*, No. 20-6101, 2022 WL 2467662, at *9, (E.D.N.Y. Feb. 24, 2022) (quotation omitted)).   The information Plaintiff has presented to the Court does not establish a material dispute of fact as to the accuracy of the information contained in Defendant's report.  *Morrow v. Experian Information Solutions Inc*, No. 24-CV-12775, 2026 WL 800210, at *4 (E.D. Mich. Mar. 23, 2026) (granting summary judgment in favor of the defendant on a § 1681e(b) claim where the plaintiff "offered no evidence to rebut the accuracy of the Data Furnishers' information other than her own attestations.   That is, she offered no counter-documentation, such as credit card statements, receipts of her on-time payments from the Data Furnishers at issue, or bank statements showing that she transferred funds to the Data Furnishers on certain dates.").   Plaintiff is required to do more than merely "claim that the information was inaccurate in the first place and that [Defendant] failed to correct it upon being told by the plaintiff that it was incorrect." *Accord Alexander v. Experian Info. Sols., Inc.*, No. 3:06CV00067, 2007 WL 9783239, at *12 (M.D. Tenn. Apr. 12, 2007).   Because Plaintiff has not met his burden of showing that there is a material fact in dispute regarding the inaccuracy of the information being reported by Defendant, summary judgment on Plaintiff's § 1681e(b) and § 1681i claims is warranted.

10

III.     **CONCLUSION**

Based on the foregoing, Defendant Trans Union LLC's Amended Motion for Summary Judgment (Doc. 68) is **GRANTED**.   This matter shall be **CLOSED** and **TERMINATED** on the active docket of this Court.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge

11